**STATE, Plaintiff-Appellee, v. EYER, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3562.   Decided April 3, 1953.

D. F. Rendinell, Youngstown, for defendant-appellant.

I. Freeman, H. Fugett, Asst. Law Directors, Youngstown, for plaintiff-appellee.

## OPINION

Per CURIAM.

By leave of this court, plaintiff appealed to us on questions of law from a judgment of the court of common pleas affirming a judgment of conviction, fine and jail sentence of the Municipal Court of Youngstown entered upon a jury verdict returned against defendant in his trial there on the charge of unlawful possession of liquor in violation of §6064-54 GC.

About 3:10 A. M. on March 10, 1951, officers of the State Liquor Department, armed with a search warrant issued by a judge of the Municipal Court of Youngstown, sought admission to the Parachute Club, situated at 750 Mahoning Avenue, Smith Township, East Alliance, Mahoning County, Ohio. for the purpose of searching it for intoxicating liquor allegedly unlawfully kept, or sold, in violation of the State Liquor Control Act.

Upon arrival at the club, of which defendant was a member and bartender, some of such officers stationed themselves at the front door of the club, rang the bell, displayed their authority, sought and were denied admission. The other officers stationed themselves at the rear door of the club.

Upon refusal of admittance some person in the club room yelled "its a raid, take it off, take it off," and the officers at the rear door of the club were advised that admission had been refused and were requested to gain admission at the rear door.

When admission to the club was gained by forcing the front

door defendant was standing behind the bar, on which a partly filled glass of whiskey was found, the front and sink of which, and the floor immediately in front of which, were filled with whiskey scented glasses.

One of the approximate sixty-five persons in the barroom called out "its in the safe," which was found in a small room adjacent to the bar room. The safe, knowledge of the combination of which defendant denied, was moved to the bar room, tilted, and whiskey taken therefrom, bottled and analyzed subsequently by a chemist of the city of Youngstown, who found it to contain 39% Ethyl alcohol proof 78%, and another bottle thrown from a window during the search contained 41.08% alcohol proof 83.6%. Four hundred dollars in money was found in the rear of the barroom.

We find no irregularity in the issuance or execution of the search warrant; and the evidence in the case we review was admitted properly, and, in our opinion, presented questions for the determination of the jury. Accordingly, the trial judge did not err in overruling defendant's motion for a verdict to be directed in his favor made at the close of all the evidence, as defendant maintains.

Defendant waived his right to rely on the claimed error that the trial judge erred to his prejudice in overruling his motion for a verdict to be directed in his favor when he accepted the ruling of the court and proceeded with his defense and introduced evidence in his own behalf. **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

The evidence was sufficient to sustain the verdict of the jury, which was not against the manifest weight thereof nor contrary to law, as urged by defendant.

A "reading of the record" does not show to us "many (nor any) instances of misconduct" of the state's attorney, as defendant argues.

We cannot conclude that reference by the state's attorney to the club as a "boot leg joint" or "cheat spot," in view of the admonition of the court to the jury to disregard it, was such prejudicial error as would warrant a reversal under the peculiar facts and circumstances of this case wherein the verdict was clearly justified by the evidence. See **Golamb v. Layton, 154 Oh St 305,** wherein Judge Zimmerman said:—

"Now as to the misconduct of counsel in his opening argument to the jury. The part of such argument to which the defendant Layton takes exception has been set out above in the statement of facts. Those remarks, although somewhat obscure as to their precise meaning, were highly improper and should not have been made; they cannot be defended. How-

ever, the trial judge promptly and emphatically told the jury to disregard them, which was a plain indication of his disapproval.

"Under the circumstances narrated, a majority of the court is not prepared to hold that the argument of counsel was so vicious and reprehensible as to call for a reversal of the judgment in plaintiff's favor."

In the case of Golamb v. Layton, supra, the court did not reverse for such misconduct of counsel.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.